**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Greenbelt Division

| | |
|---|---|
| **CHRISTINA VASELEROS-STEVENSON** | : |
| 723 Bald Eagle Lane | |
| Lusby, Maryland 20657 | : |
| Plaintiff | : |
| v. | :   Case No.: |
| **CALVERT COUNTY, MARYLAND** | : |
| 175 Main Street | |
| Prince Frederick, Maryland 20678 | : |
| SERVE:  John B. Norris, County Attorney | : |
| for Calvert County | |
| | : |
| and | |
| | : |
| **TIMOTHY LEWIS** | |
| Animal Control Officer | : |
| Calvert County Animal Control | |
| 5055 Hallowing Point Road | : |
| Prince Frederick, Maryland 20678 | |
| | : |
| Defendants | |

## COMPLAINT

Comes now the Plaintiff, Christina Vaseleros-Stevenson, by and through her attorney, Richard E Schimel, Esq. of Law Offices of Richard E Schimel, LLC, and for her causes of action against Defendants Calvert County, Maryland and Timothy Lewis states as follows:

## The Parties

1.  At all times pertinent to this Complaint, Christina Vaseleros-Stevenson was a resident of Lusby in Calvert County, Maryland.

1

2. At all times pertinent to this Complaint, Calvert County was a Code County in Southern Maryland operated by a Board of County Commissioners capable of being sued pursuant to Md. Code, Local Government §9-404(b).

3. At all times pertinent to this Complaint, Timothy Lewis was a Tri-County Animal Control Officer employed by the Animal Control Unit of the Department of Public Safety of Calvert County, Maryland.

## Jurisdiction and Venue

4. This Court has federal jurisdiction over this case pursuant to 28 U.S.C. §1331.

5. This case involves a federal claim for the violation of the Plaintiff's civil rights under the Fourth Amendment of the United States Constitution, for which she is entitled to a remedy in this Court pursuant to 42 U.S.C. §1983.

6. This case also involves claims under the statutory and common law of the State of Maryland that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

5. This Court has venue over this case pursuant to 28 U.S.C. §1391(b)(1).

## General Allegations

6. On March 16, 2018, Officer Timothy Lewis was dispatched to a residence on Shady Vale Court in Lusby, Maryland to respond to a report of two dogs running at large in the area.

7. At all times pertinent to this Complaint, Officer Timothy Lewis was acting under color of Maryland and Calvert County law.

8.  One of the two dogs in question, named Nyla, was owned by Alona Nicol Vaselaros.

9.  The other dog, named Storm, was owned by Alona's mother, Christina Vaselaros-Stevenson.

10. Both dogs lived in the same household, at 1000 Rimrock Road, Lusby, Maryland 20657, with Christina Vaselaros-Stevenson and Alona Nicol Vaselaros

11. Storm had not bitten anyone while running at large earlier that day.

12. Storm had never exhibited any aggressive behavior prior to his encounter with Officer Lewis.

13. Animal Control Officer Lewis successfully trapped Nyla and placed her in a cage.

14. After that occurred, Storm was able to observe Nyla in her cage, and began approaching the cage, ostensibly in an effort to rescue Nyla.

15. After several unsuccessful attempts to capture Storm, Officer Lewis elected to "field euthanize" Storm by shooting him in the head with his Ruger 10-22 rifle.

16. In his report concerning the incident, Officer Lewis suggested that the killing of Storm was necessary because of extremely aggressive behavior that he observed.

17. He specifically claimed that Storm was charging directly towards him when he discharged his weapon, and that it was necessary to shoot Storm "to ensure the safety of the citizens in the area."

18. At all times pertinent to this matter, Officer Lewis was acting within the scope of his authority as an Animal Control Officer of Calvert County, Maryland.

19. This version of the facts is completely refuted by the subsequent autopsy of Storm performed by Dr. Martha Smith-Blackmore.

20. The report provides radiographic evidence which demonstrates that the entry wound into Storm's skull establishes an angle of approach of approximately 43 degrees to the left of mid-line of the front of the dog's head.

21. Accordingly, it is clear from the physical evidence that Storm was not charging directly at Officer Lewis at the time that he discharged his weapon.

22. In Officer Lewis' report, Storm is described as a "Shepherd-Lab type dog."

23. As indicated in Dr. Smith-Blackmore's report, a typical male German Shepherd is 65 to 90 pounds and a typical male Labrador retriever weights 65 to 80 pounds.

24. At the time that Storm was killed, he weighed 35 pounds.

25. Subsequent analysis of Storm's DNA suggests that Storm is a mixture of American Staffordshire Terrier, Beagle, American Eskimo Dog and Boxer.

26. The aggressive behavior of Storm described in Officer Lewis' report is inconsistent with the known behavior of this eleven-month-old puppy as observed on a daily basis by his owner and others.

27. In addition, the veterinary records for Storm reviewed by Dr. Smith-Blackmore do not give any indication of aggressive behavior which establishes that Storm should have been considered potentially dangerous.

28. The Plaintiff provided the requisite statutory Notice of Claim to Defendant Calvert County, Maryland pursuant to Maryland Code, Courts and Judicial Proceedings § 5-304.

29. Defendant Calvert County, Maryland has waived sovereign immunity pursuant to the Maryland Tort Claims act set forth at Md. Code, State Government §12-104(a)

**Count I (Violation of the Fourth Amendment of the Unted States Constitution)**

30. The Plaintiff hereby adopts and incorporates by reference all of the factual allegations set forth in the General Allegations above as if fully set forth in this Count I.

31. Amendment IV of the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

32. Dogs that are family pets fall within the ambit of the term "effects" within the meaning of the Fourth Amendment.

33. Accordingly, Plaintiff's possessory interest in Storm was protected by Fourth Amendment.

34. A Fourth Amendment "seizure" of personal property occurs when there is some meaningful interference with an individual's possessory interests in that property.

35. Destroying property meaningfully interferes with an individual's possessory interest in that property by changing a temporary deprivation into a permanent deprivation.

**36.** Thus, when Officer Timothy Lewis shot and killed Storm, under color of Maryland and Calvert County law, he seized the Plaintiffs' "effects," thereby conducting an unlawful seizure in contravention of the Fourth Amendment.

34. A civil remedy in damages for a violation of the plaintiff's civil rights is specified in 42 U.S.C. §1983, which states:

**42 U.S. Code § 1983. Civil action for deprivation of rights**

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

WHEREFORE, Plaintiff Christina Vaselaros-Stevenson prays for a judgment in damages against Defendants Calvert County, Maryland and Timothy Lewis pursuant to 42 U.S.C. §1983 in the amount of Four Hundred Thousand Dollars ($400,000.00).

## Count II (Negligence)

35. The Plaintiff hereby adopts and incorporates by reference all of the factual allegations set forth in the General Allegations above as if fully set forth in this Count II.

36. Storm was unreasonably stimulated at the time of the occurrence by being able to see his "running mate" in a cage.

37. Storm's excited behavior on the date of the occurrence was the direct result of being in a position to observe Nyla in a cage.

38. There is no rational explanation for why Officer Lewis would have left a caged animal in full view of Storm while attempting to capture him.

39. Had Officer Lewis placed Nyla into his service vehicle and out of the view of Storm, it is likely that Storm would not have reacted in the manner that he did immediately before Officer Lewis chose to shoot him.

40.     Storm posed no immediate threat to Officer Lewis or the general public when Officer Lewis made a conscious and deliberate decision to shoot and kill Storm.

41.     Officer Lewis made no attempt to use mace, pepper spray, a tranquilizer gun, a baton or a taser to disable Storm before electing shoot him with a firearm.

42.     For all of these reasons, Officer Lewis breached the applicable standard of care o an animal control officer.

43.     Said breach was the proximate cause of the death of Storm, the beloved pet of Plaintiff Christina Vaseleros-Stevenson.

44.     The Plaintiff did nothing to contribute to the death of Storm which would serve as a bar to recovery and did not assume the risk of the subject occurrence.

WHEREFORE, Plaintiff Christina Vaselaros-Stevenson prays for a judgment in damages against Defendants Calvert County, Maryland and Timothy Lewis of Ten Thousand Dollars ($10,000.00) for her dog in accordance with Maryland Code, Courts and Judicial Proceedings § 11-110 and compensatory damages for emotional distress due to the loss of a pet in the amount of Two Hundred Thousand Dollars ($200,000.00).

## Count III (Conversion)

45.     The Plaintiff hereby adopts and incorporates by reference all of the factual allegations set forth in the General Allegations above as if fully set forth in this Count III.

46.     By shooting and killing the Plaintiff's dog Storm without justification, Defendant Timothy Lewis wrongfully exercised dominion over the Plaintiff's personal property, thereby committing the civil tort of conversion.

WHEREFORE, Plaintiff Christina Vaselaros-Stevenson prays for a judgment in damages against Defendant Timothy Lewis of Ten Thousand Dollars ($10,000.00) for her dog in accordance with Maryland Code, Courts and Judicial Proceedings § 11-110.

### Count IV (Gross Negligence)

47. The Plaintiff hereby adopts and incorporates by reference all of the factual allegations set forth in the General Allegations above as if fully set forth in this Count IV.

48. Officer Lewis' actions constituted a deliberate failure to perform a manifest duty in a reckless disregard of the consequences as affecting the life or property of another, and in thoughtless disregard of the consequences without the exertion of any effort to avoid them.

49. His actions were so utterly indifferent to the rights of the Plaintiff that he acted as if such rights did not exist

50. Under the circumstances described above, Officer Lewis acted with gross negligence when he shot and killed the Plaintiff's dog Storm.

WHEREFORE, Plaintiff Christina Vaselaros-Stevenson prays for a judgment in damages against Defendants Calvert County, Maryland and Timothy Lewis in the amount of Four Hundred Thousand Dollars ($400,000.00).

### Count V (Articles 24 and 26 of the Maryland Declaration of Rights – Calvert County)

51. The Plaintiff hereby adopts and incorporates by reference all of the factual allegations set forth in the General Allegations above as if fully set forth in this Count V.

52. Defendant Calvert County deprived Plaintiff Christina Vaselaros-Stevenson of substantive due process unlawful shooting and killing of Storm by Officer Lewis, in contravention of Article 24 of the Maryland Declaration of Rights.

53. Defendant Calvert County violated Article 26 of the Maryland Declaration of Rights when Officer Lewis unlawfully seized Storm without legal justification or exigent circumstances and by taking personal property of Plaintiff Christina Vaselaros-Stevenson namely her dog Storm, without due process.

WHEREFORE, Plaintiff Christina Vaselaros-Stevenson prays for a judgment in damages against Defendant Calvert County, Maryland in the amount of Four Hundred Thousand Dollars ($400,000.00).

### ELECTION OF TRIAL BY JURY

The Plaintiff elects to have a trial by jury as to each claim in this case.

**LAW OFFICES OF**
**RICHARD E SCHIMEL, LLC**

*Richard E. Schimel*

Richard E. Schimel
USDC MD Bar # 02843
7315 Wisconsin Avenue
Suite 800 West – Bethesda Crossing
Bethesda, Maryland 20814-3244
(240) 395-4400
rschimel@lawofficesres.com

*Attorney for Plaintiff*